UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

ELIZABETH VERAS

    Plaintiff

v.

PERFORMANT RECOVERY INC.

    Defendant

_____/

## COMPLAINT

### JURISDICTION AND PARTIES

1. This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), §Fla. Stat. 559.72.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4. Plaintiff, ELIZABETH VERAS, is a natural person residing at all relevant times in Broward County, Florida.

5. Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7. Defendant PERFORMANT RECOVERY INC ("PERFORMANT") is a Florida corporation with its principle place of business in Pleasanton, California and is in

1

the business of collecting consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in Broward County, Florida.

8. Defendant regularly collects debts, particularly student loan debts, and was formerly known as "Diversified Collection Services." Defendant is thus a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant is a debt collector and/or consumer collection agency, as defined in Fla. Stat. §559.55(6) and (7) or otherwise is obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTS

10. The debt which Defendant sought to collect which gives rise to the allegations herein, was related to a federal student loan, and is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1). The debt was an "indirect" federal loan, or a loan provided through the FFEL program.

11. The Federal Government through the Department of Education has established a tool to assist borrowers in getting federal student loans in default out of default, through a process known as rehabilitation.

12. Federal Law allows a borrower in default to make a series of nine payments, after which point, the loans are eligible to be rehabilitated, and thus, out of default. See 34 C.F.R. §682.405(a)(2).

13. The rehabilitation payments by federal law must be "reasonable and affordable" to the borrower based on the borrower's disposable income, and reasonable

and necessary expenses. 20 U.S.C. §1078-6(a)(1)(B). There is no floor to what a minimum payment may be, the amount owed is not a factor in determining payment amounts, and documentation of finances is only required for payments below $50. 34 C.F.R. §682.405(b)(1)(iii)(B). A guaranty agency and its agents, including collection agents such as Defendants herein, must comply with these federal laws. 34 C.F.R. §682.405(b)(1)(iii).

14.     In mid November 2013, the Plaintiff contacted the Defendant regarding her student loan, and requested a reasonable payment for the purpose of rehabilitating her loan. Plaintiff provided her income information, and informed Defendant that her family was having troubles making end meet. Plaintiff requested that Defendant contact her husband to obtain further information on financial information.

15.     In speaking to Plaintiff and/or her husband, Defendant stated it could offer a "hardship payment" of $180 monthly. Defendant did not obtain or attempt to obtain documentation nor did it make any effort to ascertain what a reasonable and affordable payment would be. Defendant simply stated $180 was the lowest they could go, despite both Plaintiff and/or her husband informing the Defendant they could not afford this figure.

16.     Defendant's statement(s) were false and misleading and a material misrepresentation, as in fact, there is no floor to what a rehabilitation payment can be. A collector for a student loan can and must offer rehabilitation payments as low as needed so long as the payment is reasonable and affordable.

17.     Defendant's statements were also false and misleading, as there is no such thing as a "hardship payment" under the Federal Rehabilitation Program. There

are only payments that are reasonable and affordable. By using the terms "hardship payment" the least sophisticated consumer would believe that it is legally impossible to obtain a lower payment, that Defendants were offering the lowest payment legally possible, and the least sophisticated consumer would be would be discouraged from attempting to obtain a lower payment.

18. Defendant arbitrarily chose $180 as its floor payment, without taking into account whether said number was reasonable and affordable to the Plaintiff, and without requesting or evaluating any documentation to qualify Plaintiff for a reasonable and affordable payment, even after being informed that Plaintiff could not afford $180 per month.

19. Defendant furthermore to Plaintiff's husband, threatened wage garnishment if the $180 payment was not made. This representation was also false, misleading, and deceptive, as Defendant would not have a legal right to institute garnishment, while it misrepresented the Plaintiff's right to rehabilitate, and completely ignored federal rehabilitation laws and guidelines. Said representation was also an abusive attempt to coerce the Plaintiff to pay the debt through fear and intimidation of wage garnishment as Defendant continued to misrepresent Plaintiff's rights to a reasonable and affordable payment.

20. Defendant in fact did provide Plaintiff a 30 day notice of intent to garnish wages.

21. Upon or shortly after being threatened with wage garnishment, Plaintiff's husband informed Defendant that Plaintiff would have to speak with an attorney, as they could not agree to a payment they could not afford.

22.	In yet another attempt to coerce Plaintiff to make the $180 a month payment, and to discourage Plaintiff from ascertaining what their legal rights actually were, defendant's representative responded that retaining an attorney would be a waste of time, that Plaintiff should pay the Defendant instead of an attorney, and that there was nothing an attorney could do, or otherwise conveyed words of similar import or meaning.

23.	The acts of the individuals who communicated to Plaintiff were performed during their course, scope, and employ with the Defendant, and at all times said agents were acting for and on behalf of and with the authority and consent of, the Defendant herein.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. 1692d

24.	Plaintiff realleges and reavers the allegations above as if fully set forth herein.

25.	By threatening wage garnishment, after being made aware Plaintiff could not afford the payment and failing to ascertain what a reasonable and affordable payment is, and further by the statements, actions and omissions set forth above, the Defendant engaged in conduct the natural consequence of which would harass oppress or abuse a consumer, including the Plaintiff herein.

26.	As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in

favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT II – VIOLATION OF THE FDCPA – 15 U.S.C. 1692e

27.     Plaintiff realleges and reavers the allegations above as if fully set forth herein.

28.     Plaintiff has used false, deceptive and misleading means to collect the debt, in violation of:

A)     15 U.S.C. §1692e by misrepresenting Plaintiffs rights to rehabilitate, right to reasonable and affordable payments, by deceptively informing Plaintiffs as to what their payments must be, and by otherwise making the statements and taking the actions and omissions named above.

B)     15 U.S.C. §1692e(4) by misrepresenting that nonpayment will result in wage garnishment, even though said garnishment is unlawful without informing the Plaintiff of their rights to rehabilitate or taking such measures to evaluate what a reasonable and affordable payment is according to their specific financial circumstances, and by further making the statements and taking the actions and omissions above.

C)     15 U.S.C. §1692e(5) by misrepresenting that nonpayment will result in wage garnishment, even though said garnishment is unlawful without informing the Plaintiff of their rights to rehabilitate or taking such measures to evaluate what a reasonable and affordable payment is according to their specific financial

circumstances and by further making the statements and taking the actions and omissions above.

D) 15 U.S.C. §1692e(10) by misrepresenting Plaintiff's rights to rehabilitate, right to reasonable and affordable payments, by deceptively informing Plaintiffs as to what their payments must be, by issuing or attempting to issue a wage garnishment while failing to follow federal rehabilitation guidelines, and by otherwise making the statements and taking the actions and omissions named above.

29. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT III – VIOLATION OF THE FDCPA – 15 U.S.C. 1692f

30. Plaintiff realleges and reavers the allegations above as if fully set forth herein.

31. Defendant has engaged in unfair and unconscionable means to collect the debt, including the statements, actions, and omissions, alleged above.

32.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT IV — VIOLATION OF THE FCCPA

33.     Plaintiff realleges and reavers paragraphs 1-32 as if fully set forth herein.

34.     Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

**Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate,** *or assert the existence of some other legal right when such person knows that the right does not* **exist.[emphasis added]**

35.     Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

36.     Defendant knowingly and intentionally represented the right to garnish wages and in fact did provide notice of garnishment, despite misrepresenting Plaintiff's rights under the federal rehabilitation program, and making to attempt to ascertain what a reasonable and affordable payment was, thus effectively denying

8

them the ability to rehabilitate to avoid garnishment. Defendant intentionally and knowingly used of the term "hardship payment" and discouraged Plaintiff from seeking legal counsel, all in a knowing, purposeful attempt to mislead Plaintiff as to their rights to rehabilitate.

37.    Defendant made the actions and omissions above often multiple times, and were well aware that their threats, and representations, would scare Plaintiff into accepting a higher payment than they otherwise should have qualified for under federal guidelines, and that said errors and omissions and stated above would discourage Plaintiff from obtaining legal counsel.

38.    The violations herein are of such frequency, persistence, and were intentional such that the Court should award additional statutory damages pursuant to Fla. Stat. §559.772(2).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorneys fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff requests a jury trial for all matters so triable as a matter of law.

DATED THIS 15 day of April 2014

Respectfully Submitted by:

**JASON WEAVER PA**

Jason Weaver esq
FBN 0392596
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515
jason@jasonweaverpa.com
*Attorneys for Plaintiff*